IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DERRICK L. DUNBAR
ADC#78977                                                                                              PETITIONER

VS.                              5:14CV00246 KGB/JTR

WENDY KELLEY, Director,
Arkansas Department of Correction[1]                                              RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Derrick L Dunbar ("Dunbar"). *Doc. 2*. Before addressing

---

[1] Wendy Kelley is automatically substituted as Respondent pursuant to Fed. R. Civ. P. 25(d).

Dunbar's habeas claims, the Court will review the procedural history of the case in state court.

On July 15, 2013, Dunbar entered a guilty plea, in Pulaski County Circuit Court, to: (1) aggravated robbery; and (2) theft of property. *Doc. 2 at 18-19*. He received a twenty-year sentence in the ADC. *Id.*

After Dunbar was sentenced, he did *not* pursue Rule 37 relief. However, on January 21, 2014, he filed a state habeas corpus petition, in Lee County Circuit Court, arguing that the trial court lacked jurisdiction to convict and sentence him because his defense counsel told him that he would only be required to serve seventy percent of his sentence before becoming parole eligible. *Doc. 2 at 11-15*.

On January 31, 2014, the court entered an Order denying state habeas relief. *Doc. 10-1*. Dunbar appealed to the Arkansas Supreme Court, which affirmed on January 15, 2015. *Dunbar v. State*, 2015 Ark. 3, 2015 WL 225067 (2015).

On June 24, 2014, Dunbar initiated this habeas action. *Doc. 2*. In his Petition, he argues that: (1) his sentence is illegal because his defense counsel and the trial court "led him to believe" that he would be parole eligible after serving seventy percent of his sentence; (2) he received ineffective assistance from his defense counsel who "coerced" him to plead guilty with the representation that he would be parole eligible after serving seventy percent of his sentence; (3) he was denied a "fair and impartial trial" by being coerced to plead guilty with defense

2

counsel's representation that he would be parole eligible after serving seventy percent of his sentence; and (4) he was a denied a "fair trial" because he was not appointed a lawyer in a Rule 37 proceeding. *Id.* In her Response, Respondent argues that Dunbar has procedurally defaulted his claims. *Doc. 10*.

For the reasons discussed below, the Court recommends that the Petition be denied, and that the case be dismissed, with prejudice.

## II. Discussion

All of Dunbar's habeas claims are premised on his allegation that, prior to the entry of his guilty plea, his defense counsel mistakenly advised him that he would be parole eligible after serving only seventy percent of his sentence.[2] In Dunbar's appeal from the denial of state habeas relief, the Arkansas Supreme Court rejected this argument because it was only cognizable in a timely-filed Rule 37 Petition, *not* a state habeas action:

> Any allegation appellant desired to raise concerning counsel's effectiveness should have been raised in a timely filed petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. A petition for writ of habeas corpus is not a substitute for proceeding under . . . Rule [37].

---

[2] Dunbar's self-serving allegation that defense counsel misinformed him about parole eligibility is directly contradicted by the record. His Judgement and Commitment Order expressly states: "Defendant has 8 prior Aggravated Robbery convictions and a 2009 federal carjacking with a weapon conviction and [is] *not eligible for parole* pursuant to ACA 16-93-609." *Doc. 2 at 20* (emphasis added). Moreover, on July 14, 2013, Dunbar executed a "Plea Statement" which he checked and initialed "Yes" to the question: "If your negotiated plea involves a sentence of imprisonment, do you state that no one has made you any promises regarding parole eligibility, earning of meritorious good time, early release, or anything else of that nature in order to get you to enter this plea*?" See Court's Ex. A*, which is marked and attached to this Recommended Disposition.

*Dunbar v. State*, 2015 Ark. 3, 2015 WL 225067 (Jan. 15, 2015) (internal citations omitted).[3]

A habeas petitioner must "fairly present" his claims in state court before seeking § 2254 relief in federal court. *Murphy v. King*, 652 F.3d 845, 848-49 (2011). Furthermore, "[i]n all cases in which a state prisoner has defaulted his federal claims in state court, pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Beaulieu v. Minnesota*, 583 F.3d 570, 573-74 (8th Cir. 2009) (*quoting Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

As "cause" to excuse his procedural default, Dunbar claims that his defense counsel told him that he "had no right to appeal . . . whether direct or postconviciton," and that he did not discover his postconviction rights under Rule 37 until after the ninety-day time limit for filing had run. *Doc. 11*. However, under well-established law, a *pro se* litigant is still charged with knowing the law

---

[3] Under Arkansas law, state habeas relief is codified at Ark. Code Ann. § 16-112-103 and is limited to "either the facial invalidity [of the judgment and commitment order] or the lack of jurisdiction by the trial court and . . . additionally [requires] a showing by affidavit or other evidence of probable cause to believe that [the defendant] is illegally detained." *Dunbar*, 2015 Ark. 3 at *2-3. Insofar as Dunbar was attempting to assert a claim for state habeas relief that was *not* an ineffective assistance claim, the Arkansas Supreme Court held that Dunbar had made only conclusory allegations that did not state a claim for relief: "[Dunbar] offered nothing in his habeas petition to demonstrate that the trial court in his case did not have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and he failed to establish that the judgment was invalid on its face." *Id.*

relevant to his habeas claims, and he cannot fault others for "misinforming" him about the law. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012).

Dunbar also attempts to invoke *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), where the United States Supreme Court recognized a "limited" and "narrow" equitable exception to the procedural default doctrine in jurisdictions where an ineffective assistance of trial counsel claim must be raised for the first time in an "initial-review collateral proceeding." However, the *Martinez* exception is not applicable to the circumstances of Dunbar's case because he never initiated an "initial-review collateral proceeding," *i.e.* a Rule 37 action. *Martinez* requires the habeas petitioner to at least *initiate* the "initial collateral review proceeding," such that the failure to appoint counsel *in that proceeding* equitably precludes procedural default.[4]

Finally, Dunbar has not come forward with any argument or new evidence to satisfy the "actual innocence" exception to procedural default.

---

[4] *See Jones v. Pennsylvania*, 492 Fed. Appx. 242 (3rd Cir. 2012) (unpublished) ("Because the Court spoke only of applying its exception to an 'initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel[,]' we conclude that the *Martinez* analysis is inapplicable where the criminal defendant did not initiate any state collateral review proceeding whatsoever. Were it otherwise, the *Martinez* rule could potentially apply to any defendant who failed to petition for state collateral review."); *Castillo v. Ryan*, 2013 WL 3282547 (D. Az. 2013) (holding that *Martinez* was inapplicable where the petitioner had not initiated a state court postconviciton proceeding); *Anderson v. Koster*, 2012 WL 1898781, *9 (W.D. Mo. 2012) ("*Martinez* is inapposite because, here, the petitioner himself is at fault for not filing a pro se [postconviction] motion in the first place.").

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus be DENIED and this habeas action be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

DATED this 6th day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
FOURTH DIVISION

ELECTRONICALLY FILED
2013-Jul-14 07:46:29
60CR-13-782

STATE OF ARKANSAS                                     PLAINTIFF

VS.                           CR 2013 - 0782

DERRICK DUNBAR                                        DEFENDANT

## PLEA STATEMENT

You are charged with:

| OFFENSE(S) | RANGE OF IMPRISONMENT | FINE |
|---|---|---|
| 1. Agg. Robbery | 10-40 | $25,000 |
| 2. | | |
| 3. | | |
| 4. | | |

in the Pulaski County Circuit Court. It is necessary that you fully understand the entire contents of this document.

You are charged with a (felony / misdemeanor).
You are charged as a habitual offender. [___YES] [✓ NO] (CHECK APPLICABLE BOX)

You could receive a total sentence from ___10___ to ___40/Life___ in the (state penitentiary / county jail) and/or a fine of up to $ ~~25,000~~.

You have a right to plead not guilty and to be tried before the court or by a jury, with the burden on the State of proving your guilt beyond a reasonable doubt. At the trial you would have the right to testify or not testify. You would have the right to confront and cross-examine all witnesses against you, and to have compulsory attendance of all witnesses you wish to call in your behalf. If you were found not guilty, you would be released on the charges for which you were tried. If, after determining the facts with instructions on the law from the court, the jury found you guilty, then they would fix your punishment. If you waive your right to trial by jury and elect a court trial, the court would determine both the facts and the law.

With these thoughts in mind, you must answer each of the following questions and initial your response.

|  | YES | NO | INITIALS |
|---|---|---|---|
| Do you hereby state your judgment is not now impaired by drugs, alcohol, or medication. | ✓ | | [initials] |
| Do you understand the minimum and maximum possible sentences for the offense(s) with which you have been charged? | ✓ | | [initials] |
| Do you understand that your plea of guilty is a waiver of your right to a trial by jury and of your right to appeal to any other court? | ✓ | | [initials] |
| Do you fully understand what you are charged with having done? | ✓ | | [initials] |
| Have you discussed your case fully with your attorney and are you satisfied with his or her service? | ✓ | | [initials] |
| Are you certain that your plea of guilty has not been induced by any force, threat, or promise, apart from a plea agreement? | ✓ | | [initials] |

(OVER)

Court Exhibit A

|  | YES | NO | INITIALS |
|---|---|---|---|

Do you understand that the Judge is not required to carry out any understanding between you, your attorney, and the prosecuting attorney, and that power of sentencing is with the Court only?   ✓

If your negotiated plea involves a sentence of imprisonment, do you state that no one has made you any promises regarding parole eligibility, earning of meritorious good time, early release, or anything of that nature in order to get you to enter this plea?   ✓

Do you believe that if that this case went to trial, the State could meet its burden of proving your guilt beyond a reasonable doubt?   ✓

### FOR NON-CITIZENS OF THE UNITED STATES ONLY

If you are not a citizen of the United States of America, has your attorney informed you that by entering this plea, you will be subjecting yourself to a risk of being deported?   N/A

Do you freely and voluntarily choose to enter your plea of guilty knowing that it could result in your deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service?   N/A

If your answer is "yes" to each of the preceding questions, and if you fully understand every detail of your guilty plea, then carefully read the following statement and sign in the appropriate space with your attorney witnessing your signature.

**I AM AWARE OF EVERYTHING IN THIS DOCUMENT. I FULLY UNDERSTAND WHAT MY RIGHTS ARE, AND I FREELY, KNOWINGLY AND VOLUNTARILY PLEAD GUILTY BECAUSE I AM IN FACT GUILTY AS CHARGED.**

_____
DEFENDANT'S SIGNATURE

I have carefully and completely explained this document to the accused. To the best of my knowledge he/she fully understands all of it. His/Her plea of guilty is consistent with the facts he/she has related to me and with my own investigation of the case.

7·14·13
DATE

_____
ATTORNEY FOR DEFENDANT

APPROVED:
_____
DEPUTY PROSECUTING ATTORNEY