IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DERRICK L. DUNBAR,** **PETITIONER**
**ADC#78977**

v. Case No. 5:14-cv-00246 KGB-JTR

**WENDY KELLEY, Director,** **RESPONDENT**
**Arkansas Department of Correction**[1]

# ORDER

The Court has received a Recommended Disposition from United States Magistrate Judge J. Thomas Ray (Dkt. No. 14). Petitioner Derrick L. Dunbar filed an objection to the Recommended Disposition (Dkt. No. 15). After a careful review of the Recommended Disposition, and the timely objection received thereto, as well as a *de novo* review of the record, the Court adopts the Recommended Disposition in its entirety (Dkt. No. 14).

## I. Background

Before the Court is Mr. Dunbar's 28 U.S.C. § 2254 petition for a writ of *habeas corpus* (Dkt. No. 2). On July 25, 2013, Mr. Dunbar entered a guilty plea in Pulaski County Circuit Court in which he plead guilty to: (1) aggravated robbery and (2) theft of property (Dkt. No. 2, at 18-19). Based on these guilty pleas, Mr. Dunbar was sentence to 20 years in the Arkansas Department of Correction (Dkt. No. 2, at 20).

In this action, Mr. Dunbar alleges that: (1) his sentence is illegal because his defense counsel and the trial court led him to believe that he would be parole eligible after serving 70 percent of his sentence; (2) he received ineffective assistance of counsel because defense counsel coerced him to plead guilty by representing that he would be parole eligible after serving 70 percent

---

[1] Wendy Kelley is automatically substituted as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

of his sentence; (3) he was denied a "fair and impartial trial" by being coerced to plead guilty based on this false belief; and (4) he was denied a "fair trial" because he was not appointed a lawyer in a Rule 37 proceeding.

**II.     Discussion**

Mr. Dunbar's *habeas* claims are premised on his allegation that, prior to pleading guilty, his defense counsel mistakenly advised him that he would be parole eligible after serving only 70 percent of his sentence.[2] In Mr. Dunbar's appeal from the denial of state *habeas* relief, the Arkansas Supreme Court rejected his argument because it was only cognizable in a timely filed Rule 37 Petition, not a state *habeas* action. *Dunbar v. State*, 2015 Ark. 3, 2015 WL 225067 (2015). Based on the Arkansas Supreme Court ruling, the doctrine of procedural default applies in this case. This doctrine states that a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 747-48 (1991). Mr. Dunbar procedurally defaulted his federal *habeas* claim in state court because he did not file a timely Rule 37 Petition.

This Court is barred from reviewing Mr. Dunbar's *habeas* petition absent: (1) any cause for this default and actual prejudice as a result of the alleged violation of federal law or (2) a showing that failure to consider Mr. Dunbar's claims will result in a fundamental miscarriage of

---

[2] The record contradicts Mr. Dunbar's claim that he was unaware he would be ineligible for parole in this case. Mr. Dunbar's Judgment and Commitment Order expressly states, "Defendant has 8 prior Aggravated Robbery Convictions and a 2009 federal carjacking with a weapon conviction and [is] not eligible for parole pursuant to ACA 16-93-609." (Dkt. No. 2, at 20). Further, Mr. Dunbar in his Plea Statement checked "Yes" and initialed next to the question, "If your negotiated plea involves a sentence of imprisonment, do you state that no one has made you any promises regarding parole eligibility, earning of meritorious good time, early release, or anything else of that nature in order to get you to enter this plea?" (Dkt. No. 14, Ex. A).

2

justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (explicitly stating that in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of claims is barred unless the prisoner can make one of the two specific showings).

Mr. Dunbar claims that the "cause" to excuse his procedural default was that his defense counsel told him that he "had no right to appeal . . . whether direct or post-conviction," and that he did not discover his post-conviction rights under Rule 37 until after the 90-day time limit for filing had passed (Dkt. No. 11, at 3). Attorney ignorance or inadvertence is not considered "cause" because the attorney is petitioner's agent when acting, or failing to act, in furtherance of the litigation, and petitioner must "bear the risk of attorney error." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Further, Mr. Dunbar cannot claim the equitable exception provided by the Supreme Court in *Martinez v. Ryan* because he never initiated a Rule 37 action to review whether or not defense counsel provided ineffective assistance. *Martinez v. Ryan*, 566 U.S. 1, 16 (2012) (stating that a limited exception to the procedural default doctrine exists in the jurisdictions where an ineffective assistance of trial counsel claim must be raised for the first time in an "initial review collateral proceeding" and the *habeas* petitioner has previously initiated that action). Finally, Mr. Dunbar has not come forward with any argument or new evidence to satisfy the "actual innocence" exception to procedural due process.

### III. Conclusion

Based on the foregoing reasons, the Court adopts the Recommended Disposition in its entirety (Dkt. No. 14). This matter is dismissed with prejudice. All other pending motions are denied as moot.

The Court will not issue a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2254 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Id.* at 336. Mr. Dunbar has failed to meet these standards.

So ordered this 4th day of August, 2017.

_____
Kristine G. Baker
United States District Judge